UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MEGAN K. ABATE

Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**MEMORANDUM & ORDER**
2:21-cv-344-LDH-ST

**TISCIONE, United States Magistrate Judge:**

Plaintiff, Megan K. Abate ("Abate") won an award of $123,680.00 in past due benefits from the Commissioner of Social Security ("Commissioner"). On October 27, 2022, Plaintiff was awarded $6,039.37 in attorney's fees under the Equal Access to Justice Act ("EAJA"). Plaintiff's Counsel now moves for fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act ("Act"). The Motion is unopposed. For the reasons set forth below, the motion is GRANTED.

## Discussion

In no uncertain terms, 42 U.S.C. § 406(b) declares that an award for attorney's fees shall not exceed "25 percent of the total amount of such past-due benefits." *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Here, Abate and their Attorney entered a contingency agreement for 25% of past-due benefits. Pl's Aff. in Supp. ¶ 4, ECF No. 3. Abate was awarded $123,680.00. *Id*. Abate's Counsel requests $30,920.00 – precisely 25% of Abate's total award. *Id*. As such, the fee is within the statutory maximum.

Nevertheless, the Supreme Court has made clear that an attorney's request for 25% of past-due benefits is not entitled to a presumption of reasonability; "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. Indeed, "§ 406(b) instructs courts to review for reasonableness fees yielded by [contingency] agreements." *Id*. at 809.

Courts of this Circuit are directed to begin their inquiry with the contingency agreement itself. *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Such agreements are entitled to the same level of deference as any other contract reviewed by the Court. *Id*. Thus, this Court's primary focus is "on the reasonableness of the contingency agreement . . . not an hourly rate determined under lodestar calculations." *Id*.[1] The Court may reduce the fee award "*only* when it finds the amount to be unreasonable." *Id*. (emphasis added).

Here, both the agreement and amount requested are reasonable. Nothing in the record indicates the agreement was untoward or otherwise inapposite. Moreover, Plaintiff's Counsel achieved a satisfactory outcome for Plaintiff, obtaining a six-figure award. Pl's Aff. in Supp. ¶ 4. In doing so, Counsel and supporting professionals devoted a total of 30.1 hours to this litigation[2]. *Id*. ¶ 10. Such is more than reasonable. *See Fields*, 24 F.4th at 854 (Second Circuit upholds $44,170.00 fee against $160,680.00 award where attorney spent 22.7 hours).

The Commissioner does not oppose this motion but does request the order include language indicating the award amount is to be paid out of Plaintiff's past-due benefits, and not from the Commissioner. The statutory language is clear that fees shall be paid "out of, and not in addition to" past-due benefits. 42 U.S.C. § 406(b)(1)(A). To be sure, the Act "does not authorize the prevailing party to recover fees from the losing party. . . . It authorizes fees payable from the successful party's recovery." *Gisbrecht*, 535 U.S. at 802; *see also Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2d Cir. 2016) ("Social Security Act fees, whether for services before the [agency] or the court, are the plaintiff's debt and not the government's."). As such, the Commissioners' request is granted. The fees awarded here are to be paid out of Plaintiff's past-due benefits.

---

[1] Nevertheless, the hourly rate sought by Plaintiff's Counsel here – $1,277.64 – is reasonable. *See* Fields v. Kijakazi, 24 F.4th 845, 854 (2d Cir. 2022) ($1,556.98 hourly rate reasonable on Social Security case).

[2] Plaintiff's Counsel submitted charts tracking time spent on this matter. Ex. C, D, E in Supp. of Pl's Mot., ECF No. 32. The exhibits have been reviewed by this Court and the time spent is reasonable.

As a final point, where, like here, an attorney receives fees under the EAJA and § 406(b), the attorney must refund the plaintiff the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. As such, Plaintiff's Counsel is directed to remit the $6,039.37 EAJA award to Abate.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for attorney's fees is GRANTED. Fees are to be paid out of Abate's past-due benefits, and Plaintiff's Counsel is directed to remit $6,039.37 in EAJA fees to Abate.

**SO ORDERED**

/s/
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
September 23, 2025